UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **IRIS WINNIFRED CATO,** | ) | Case No. 15-19606 EEB |
| SSN: xxx-xx-6754 | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

UNITED STATES TRUSTEE'S AUTHORITIES REGARDING
EFFECT OF DISMISSAL ON ENTRY OF DISCHARGE

The United States Trustee for Region 19 ("UST"), Movant, filed a motion objecting to Debtor's discharge pursuant to 11 U.S.C. §727(a)(8) (Docket No. 20), and a motion to dismiss the case with prejudice (Docket No. 30).

1. Pursuant to the Court's Order of December 1, 2015, the following are further authorities supporting the proposition that absent a specific order of the court, dismissal of a case does not vacate a prior order of discharge in the same case. Thus Debtor's receipt of a Chapter 7 discharge in Case No. 13-31013 bars her from receiving a discharge in a subsequent Chapter 7 case for eight years (and she may not receive a discharge in this case).

2. This issue was addressed more frequently prior to December 1, 2002, when Rule 4004 permitted entry of a discharge even if there was a pending motion to dismiss under 707(a). Rule 4004(c) was then amended to prevent a discharge if there was an outstanding section 707(a) motion to dismiss.

3. Prior to those amendments, courts generally held that by itself, a mere dismissal of a case would not affect the prior order of discharge in the same case. *See, e.g., In re Adams*, 203 B.R. 240 (Bankr.E.D.Va. 1996) ("Because nothing in the code or the rules prevents a debtor from receiving a discharge when there is a pending motion to dismiss under § 707(a), the mere fact that the bank filed a motion to dismiss prior to debtors' discharge is not a basis to revoke the discharge if the court were later to dismiss the case. . . . § 349(b) is inapplicable here since its purpose is to restore property rights, wherever practical, to their status prior to the bankruptcy, if a case is dismissed. . . . I find no language in § 349 which would warrant the court's revoking the debtors' discharge under the circumstances of this case."); *In re Morgan*, 290 B.R. 246 (Bankr.D.Del. 2003) (same); *In re Pharao,* 2000 WL 1449846, *2 (Bankr.E.D.Va. 2000) ("Notably absent from Section 349 is any reference whatsoever to a discharge that may have been granted in the case. . . . Since dismissal of the case, standing alone, does not affect the discharge, the debtor obtains the benefit of a discharge but no longer has any obligation to surrender nonexempt property. . . . If that is the situation with respect to the debtor's tax refunds and the cash surrender value of the life insurance policy, the trustee should give the creditors appropriate notice of intent to abandon and file a report of no distribution. Otherwise, if the debtor has willfully failed to comply with his turnover obligation, the trustee should bring an adversary complaint to revoke the debtor's discharge."); *In re Puckett,* 193 B.R. 842 (Bankr.N.D. Ill. 1996) (holding that dismissal of chapter 13 case after grant of discharge does not vacate discharge order).

4. Since the rule change in December 1, 2002, the issue has arisen less frequently. The decisions the UST was able to locate, however, continue to hold in varying contexts that absent a specific order of the court, dismissal of a case does not vacate a prior order of discharge.

*See, e.g., In re Bevan*, 2011 WL 2161737, *3 (Bankr.N.D.Cal. 2011) ("The cases in which a Chapter 7 debtor's case was dismissed post-discharge uniformly hold that the dismissal had no automatic effect on the discharge.") (citation and legislative history omitted);   *In re Russo,* 2008 WL 5412106, *4 (Bankr.E.D.Pa. Sept. 11, 2008) ("Nonetheless, such a dismissal motion [§ 707(a)] serves little, if any, valid purpose if filed after the entry of the chapter 7 discharge, unless the discharge can otherwise be revoked. . . . Section 349(b), while detailing numerous effects when a bankruptcy case is dismissed, does not state that dismissal results in vacating a bankruptcy discharge. As a result, numerous courts have held that dismissal of a case, by itself, does not vacate a previously entered discharge order.").

5.     In *In re Henderson*, this Court relied on *In re Bevan* to hold the same under circumstances very similar to those in this case. 472 B.R. 579, 581 (Bankr.D.Colo. 2012) ("'The cases in which a Chapter 7 debtor's case was dismissed post-discharge uniformly hold that the dismissal had no automatic effect on the discharge.' [citation omitted] Nor did the Debtors' conversion to Chapter 13 in the prior case have the effect of revoking the discharge order.").

6.     While acknowledging it may exist, the UST was unable to locate contrary authority and believes the jurisprudence cited above represents by far the "majority" view on this issue.   Thus notwithstanding the later dismissal of that case, Debtor's receipt of a Chapter 7 discharge in Case No. 13-31013 bars her from receiving a discharge in a subsequent Chapter 7 case for eight years (and she may not receive a discharge in this case).   *See* 2 *Norton Bankr. L. & Prac.* 3d § 39:19 fn. 1 ("If the debtor already received a discharge [before dismissal], the debtor would be barred under Code § 727(a)(8) from receiving a discharge in a subsequent Chapter 7 case for eight years.").

Dated: December 4, 2015            Respectfully submitted,

PATRICK S LAYNG
UNITED STATES TRUSTEE

By: /s/ Gregory M. Garvin
Gregory M. Garvin, MO #38460
1961 Stout, Suite 12-200
Denver, CO 80294
Telephone (303) 312-7242
Fax (303) 312-7259
gregory.garvin@usdoj.gov

## Certificate of Service

The undersigned certifies that on December 4, 2015, I served by prepaid first class U.S. Mail , a copy of the foregoing, addressed to the following persons and addresses:

Iris Winnifred Cato
947 S. Monaco Pkwy.
Denver, CO 80224

David V. Wadsworth
1660 Lincoln
Ste. 2200
Denver, CO 80264

/s/ Gregory Garvin
Office of the U.S. Trustee